DAVID EVERSON, APPELLANT, V.
MARK O'KANE, DOING BUSINESS AS
HEARTLAND REFRIGERATION, APPELLEE.
643 N.W.2d 396

Filed April 16, 2002.    No. A-01-1122.

Phillip G. Wright, of Quinn & Wright, for appellant.

John K. Green, of Pickens, Green & Gleason, L.L.P., for appellee.

IRWIN, Chief Judge, and HANNON and INBODY, Judges.

HANNON, Judge.

David Everson appeals from the dismissal of his petition for workers' compensation benefits from Mark O'Kane, doing business as Heartland Refrigeration, upon the basis that a claim due to an accident occurring on October 3, 1996, was barred by the 2-year statute of limitations provided in Neb. Rev. Stat. § 48-137 (Reissue 1998). Everson sought to toll the statute of limitations by pleading that O'Kane had failed to file a report of injury based upon Neb. Rev. Stat. § 48-144.04 (Reissue 1998), which provides that the statute of limitations does not begin to run until the employer files a report of injury. At trial, the parties stipulated that O'Kane had not filed the first report, but the judge found such a report (probably prepared and filed by court personnel) in the file of a case which had been dismissed without prejudice, took judicial notice of the document without putting

it in the record, and dismissed the case while refusing to receive further evidence on the subject. The review panel affirmed. We conclude that by not placing a copy of the judicially noticed document in the bill of exceptions, the trial court made it impossible for the review panel or this court to review the trial court's action and, thus, deprived Everson of due process of law. Accordingly, we reverse, and remand for a new trial.

## BACKGROUND

The record shows that Everson was injured in an automobile accident on October 3, 1996, while in the course of his employment with O'Kane. He filed a petition in the Workers' Compensation Court on November 21, 1996. On February 12, 1997, the case was dismissed without prejudice upon the joint motion of the parties. Apparently, this was done with a view to Everson's proceeding against the driver of the other automobile in the accident. For whatever reason, Everson filed a new petition on January 10, 2000. Eventually, the case came for trial on an amended petition alleging injuries as a result of the accident and alleging O'Kane had not filed a first report of accident. The answer amounted to a general denial and an affirmative defense of the statute of limitations.

On August 21, 2000, the action came on for hearing. The parties stipulated (1) that Everson was injured in an automobile accident on October 3, 1996, (2) that he recovered $22,500 from an uninsured motorist policy of Heartland Refrigeration due to that accident, and (3) that Heartland Refrigeration had not filed a first report of injury. After Everson testified and was cross-examined, but before he rested his case, the judge interrupted, stating that a first report of accident was filed on November 25, 1996, and O'Kane's counsel agreed to the date. The judge then inquired and counsel agreed that no payments had been made to Everson or to the medical providers for Everson by O'Kane. Everson's counsel stated that he had checked with the compensation court to see if there had in fact been a first injury report and that he was told that none had been filed, except "this dummy first injury report." The judge informed counsel that he was taking judicial notice

> of a file that is in front of me at the present time that indicates that you filed a petition for workers' compensation

benefits in the same case, 196-2606, back in November of '96. At the time there was not a first report on record and is the practice the workers' compensation court prepared a first report and filed it concurrent with the petition or at least four days after the petition was filed back in 1996. The judge then stated the reasoning by which he concluded that the statute of limitations had run.

Everson's counsel offered exhibit 23, which consists of copies of correspondence and forms filed by Everson's counsel with the Workers' Compensation Court inquiring of the existence of a first report in this case. Counsel then stated the court had sent him the "dummy report." Counsel argued that that document was not the required report of injury. Counsel then asked leave of the court to "file" the "dummy report." The judge then stated the record shows that the statute was not tolled by payments and that exhibit 23 was received. Everson's counsel asked leave to mark exhibit 24, the "dummy report." The judge did not state he would not receive the exhibit, but indicated that they were wasting time and that he would dismiss the action on the basis of the statute of limitations. Everson's counsel persisted in requesting that the "dummy report" be made a part of the record, and the judge stated the request was specifically denied. The action was dismissed.

## APPLICABLE STATUTES

The significant part of Neb. Rev. Stat. § 48-144.01 (Reissue 1998) provides as follows: "In every case of reportable injury occurring in the course of employment, the employer or insurance carrier shall file a report thereof with the Nebraska Workers' Compensation Court." (The statute goes on to provide what information shall be included when certain injuries are suffered.)

Section 48-144.04 provides in significant part:

Any employer . . . who fails, neglects, or refuses to file any report required of him or her by the Nebraska Workers' Compensation Court shall be guilty of a Class II misdemeanor for each such failure . . . . In addition to the penalty, where an employer, risk management pool, or insurance carrier has been given notice, or the employer, risk management pool, or the insurance carrier has knowledge, of any injury or death of an employee and fails, neglects, or

refuses to file a report thereof, the limitations in section 48-137 and for injuries occurring before December 1, 1997, the limitations in section 48-128 shall not begin to run against the claim of the injured employee or his or her dependents entitled to compensation or against the State of Nebraska . . . until such report shall have been furnished as required by the compensation court.

## ASSIGNMENTS OF ERROR

Everson claims the trial court erred in (1) dismissing his petition and finding that his action was barred by the statute of limitations and (2) failing to allow him leave to complete his case and offer evidence or exhibits during or after the hearing.

## STANDARD OF REVIEW

An appellate court may modify, reverse, or set aside a judgment, order, or award of the Workers' Compensation Court when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Guico v. Excel Corp.*, 260 Neb. 712, 619 N.W.2d 470 (2000); *Hoffart v. Fleming Cos.*, 10 Neb. App. 524, 634 N.W.2d 37 (2001). The findings of fact made by the trial judge of the Workers' Compensation Court will not be disturbed on appeal unless clearly wrong. *Id.* An appellate court is obligated in workers' compensation cases to make its own determination as to questions of law. *Id.*

## ANALYSIS

The record shows that the judge took judicial notice of a document in a file of that court without making that document a part of the bill of exceptions and that then, the trial court actually denied Everson's counsel's request to make it a part of the record. These actions require this case to be reversed for several reasons.

We realize that a judge may take judicial notice, whether requested or not, of adjudicative facts. Neb. Rev. Stat. § 27-201(3) (Reissue 1995). Section 27-201(2) provides: "A judicially noticed fact must be one not subject to reasonable

dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." When neither of the alternative tests prescribed in § 27-201(2) is satisfied, judicial notice of an adjudicative fact is improper. *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990). A fact is adjudicative if the fact affects the determination of a controverted issue. *Id.* The issue of fact was whether O'Kane did or did not file a first report of injury as required by the compensation court. Since the parties stipulated that O'Kane did not file a first report of injury, the fact which the trial court judicially noticed could not have affected the determination of the controversy and hence is not really an adjudicative fact.

A court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the same case or a related case. *Wolgamott v. Abramson*, 5 Neb. App. 478, 560 N.W.2d 859 (1997). Judicial notice is not the same as extrajudicial or personal knowledge of a judge. *In re Interest of C.K., L.K., and G.K.*, 240 Neb. 700, 484 N.W.2d 68 (1992). A judge presiding at a trial may not testify at that trial. Neb. Rev. Stat. § 27-605 (Reissue 1995).

> "Papers requested to be noticed must be marked, identified, and made a part of the record. Testimony must be transcribed, properly certified, marked and made a part of the record. Trial court's ruling . . . should state and describe what it is the court is judicially noticing. Otherwise, a meaningful review is impossible."

*In re Interest of C.K., L.K., and G.K.*, 240 Neb. at 709, 484 N.W.2d at 73, quoting *In re Interest of Adkins*, 298 N.W.2d 273 (Iowa 1980). See, also, *In re Interest of R.A.*, 226 Neb. 160, 410 N.W.2d 110 (1987).

The need for such a rule is made clear by this case. The existence of the document in the file could, if marked and made a part of the record, undoubtedly be judicially noticed, but the existence of the document is only a part of the fact in issue. Did O'Kane or someone for him file the document? Did the document, which presumably contained some sort of heading indicating it was a first report, meet the requirements of such a

report? Part of the colloquy between the court and counsel indicates that it was the practice of the Workers' Compensation Court to file such a document if the employer did not file it. The record does not establish that fact, but it must be clearly settled before an appellate court considers the effect of such a practice. We naturally wonder if the document, which Everson's counsel called the "dummy report" was signed. Counsel's position and argument clearly raises the question of whether the facts the judge judicially noticed on his own motion were really facts "not subject to reasonable dispute" as required by § 27-201(2) for judicial notice.

## CONCLUSION

The record before us leaves many unanswered pertinent fact questions which, if answered, might lead to an interesting legal question. However, upon the record before us, there is nothing we can do but reverse the judgment of the review panel and remand the cause for a new trial with direction that upon retrial, the bill of exceptions shall contain all of the evidence upon which the trial court bases its decision, including that judicially noticed.

REVERSED AND REMANDED FOR A NEW TRIAL.