Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/15/2017 05:14 PM CDT

- 713 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

Graylin Gray, appellant, v. Nebraska Department
of Correctional Services et al., appellees.

Graylin Gray, appellant, v.
Nathan Flood, appellee.

___ N.W.2d ___

Filed May 23, 2017.    Nos. A-16-482, A-16-590.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.
2. **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.
3. ____. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
4. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
5. **Statutes: Legislature: Intent.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
6. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeals from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Reversed and remanded for further proceedings.

- 714 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

Graylin Gray, pro se.

No appearance for appellees.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Pirtle, Judge.

## I. INTRODUCTION

Graylin Gray appeals the orders of the district court for Lancaster County denying his requests to proceed in forma pauperis in cases Nos. A-16-482 and A-16-590. These matters have been consolidated on appeal. For the reasons that follow, we reverse, and remand for further proceedings.

## II. BACKGROUND

### 1. Case No. CI 16-184

On January 15, 2016, Gray filed a motion to proceed in forma pauperis in the Lancaster County District Court in case No. CI 16-184. He filed the associated complaint, and on January 25, the court entered an order sustaining Gray's motion to proceed in forma pauperis.

On February 9, 2016, the Attorney General's office filed a motion, on behalf of the defendants, to reconsider the decision to sustain Gray's motion. The State cited Neb. Rev. Stat. § 25-3401(2)(a) (Reissue 2016), which states:

> A prisoner who has filed three or more civil actions, commenced after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court for a case originating in this state shall not be permitted to proceed in forma pauperis for any further civil actions without leave of court. A court shall permit the prisoner to proceed in forma pauperis if the court determines that the person is in danger of serious bodily injury.

The defendants referred the court to "three or more civil actions, commenced after July 19, 2012, that have been found frivolous by a court of this state," namely:

- 715 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

"**a.** *Gray v. Gage*, in the Johnson County District Court, case number [CI] 13-143;

"**b.** *Gray v. Kenney*, in the Lancaster County District Court, case number CI 14-866; [and]

"**c.** *Gray v. Gage*, in the Johnson County District Court, case number CI 15-94."

The defendants alleged that Gray had received three "'strikes,'" and the district court should reverse the decision to sustain Gray's motion to proceed in forma pauperis. In support of its motion to reconsider, the State attached orders from each of the three cases cited in its motion. Each of the three orders denied Gray's motions to proceed in forma pauperis, and in each case, the judge found the petition Gray had proposed to file appeared to be frivolous on its face.

A hearing on the defendants' motion was held on March 4, 2016, and Gray appeared telephonically. The court referred to § 25-3401(2)(a) and found the defendants' motion referred to "three civil actions commenced by [Gray] after July 19, 2012 that have been found frivolous by a court of this State." The court took judicial notice of the orders filed in cases Nos. CI 13-143, CI 14-866, and CI 15-94 and found that the defendants' motion to reconsider should be sustained. Gray was given 30 days from the date of the order to pay the filing fees in CI 16-184, "or the matter [would] be dismissed without further notice."

On March 24, 2016, Gray filed a motion for reconsideration urging the court to determine that cases Nos. CI 13-143, CI 14-866, and CI 15-94 should not count as "strike[s]" against him in determining whether to grant in forma pauperis status in CI 16-184. He argued that an appeal of CI 15-94 was pending before the Nebraska Supreme Court, so consideration of this action was premature. He argued that CI 14-866 should not be considered as a "strike" because he never paid the filing fee after the district court denied in forma pauperis status. He argued that CI 13-143 should not have been considered as

- 716 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

a "strike" because the district court never reached the merits of his writ of habeas corpus.

A hearing on Gray's motion was held on April 20, 2016, with Gray appearing telephonically, without the assistance of a lawyer. In addition to the arguments cited in his motion, Gray argued that each of the actions considered by the trial court were habeas corpus actions, and that "'a dismissal in a habeas corpus action is not a strike,'" citing *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). He also argued that cases Nos. CI 13-143, CI 14-866, and CI 15-94 were not "commenced" after the effective date of the statute, July 19, 2012, because summonses were never properly served on the named defendants.

In its order, filed April 22, 2016, the district court for Lancaster County denied Gray's motion to reconsider. Gray timely appealed and was granted leave to file the appeal in case No. A-16-482, in forma pauperis. No appellee brief was filed on behalf of the defendants.

### 2. Case No. CI 16-1373

On April 20, 2016, Gray filed a motion to proceed in forma pauperis in the Lancaster County District Court in case No. CI 16-1373. On May 17, the district court for Lancaster County filed an order denying Gray's request. The district court took judicial notice of the order filed in case No. CI 16-184. The court found that since July 19, 2012, Gray, a prisoner, had "brought three cases that were dismissed for being frivolous." Gray timely appealed and was granted leave to file this appeal, in case No. A-16-590, in forma pauperis. No appellee brief was filed on behalf of the defendant.

### III. ASSIGNMENTS OF ERROR

Gray asserts the district court erred and abused its discretion by denying his motion for reconsideration in case No. A-16-482. He asserts the district court erred and abused its

- 717 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

discretion in denying his application to proceed in forma pauperis in case No. A-16-590.

## IV. STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017). The district court denied in forma pauperis in this case pursuant to § 25-3401, but we see no reason why the same standard of review should not apply.

[2,3] Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Cain v. Custer Cty. Bd. of Equal.*, 291 Neb. 730, 868 N.W.2d 334 (2015). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.*

## V. ANALYSIS

### 1. Plain Error

#### (a) Case No. A-16-482

In response to the defendants' motion to reconsider, Gray argued that cases Nos. CI 13-143, CI 14-866, and CI 15-94 were each habeas corpus actions and "dismissal in a habeas corpus action is not a strike." Gray does not argue this assertion on appeal, however this court may, at its option, notice plain error. We review the plain language of § 25-3401, which allows certain limits to be placed upon prisoners who have previously filed multiple civil actions which have been found to be frivolous.

[4,5] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Raatz*, 294 Neb.

- 718 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

852, 885 N.W.2d 38 (2016). In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id.*, citing *State v. Mucia*, 292 Neb. 1, 871 N.W.2d 221 (2015).

Section 25-3401(2)(a) states:

A prisoner who has filed three or more civil actions, commenced after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court for a case originating in this state shall not be permitted to proceed in forma pauperis for any further civil actions without leave of court. A court shall permit the prisoner to proceed in forma pauperis if the court determines that the person is in danger of serious bodily injury.

Section 25-3401(1)(a) states that, for purposes of this section, a civil action means "a legal action seeking monetary damages, injunctive relief, declaratory relief, or any appeal filed in any court in this state that relates to or involves a prisoner's conditions of confinement. *Civil Action does not include a motion for postconviction relief or petition for habeas corpus relief.*" (Emphasis supplied.)

By the definition of civil action in § 25-3401(1)(a), the Legislature expressly excluded petitions for habeas corpus relief from consideration for purposes of determining, under § 25-3401(2)(a), whether a prisoner has filed three or more civil actions that have been found to be frivolous.

The defendants submitted orders from cases Nos. CI 13-143, CI 14-866, and CI 15-94 to the district court in support of the motion for reconsideration. At the hearing before the district court, Gray argued that each of the three cases presented originated as petitions for habeas corpus relief. The court found that "since July 2012, [Gray] has brought three cases, while incarcerated, that were dismissed for being frivolous."

It is true that in each of the orders submitted by the defendants, the respective district courts denied Gray's requests

- 719 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

to proceed in forma pauperis because the underlying action appeared to be frivolous. However, upon our review of the record, it appears that at least one of the alleged strikes, case No. CI 14-866, originated as a petition for habeas corpus relief. In case No. CI 14-866, the order of the district court stated "[t]he evidence demonstrates that the issues presented in the petition for habeas corpus filed by [Gray] have previously been considered and overruled in three prior cases . . . ." Because petitions for habeas corpus relief are not included in the definition of "civil actions" in § 25-3401, case No. CI 14-866 must be excluded from consideration. Therefore, we find that the district court plainly erred in applying § 25-3401(2)(a) to deny Gray's request to proceed in forma pauperis based upon the three cases cited by the defendants.

(b) Case No. A-16-590

In case No. CI 16-1373, the district court took judicial notice of the order in case No. CI 16-184. The court relied on the prior determination that Gray, "a prisoner, has brought three cases that were dismissed for being frivolous" in concluding that Gray's application to proceed in forma pauperis should be denied based upon the provisions of § 25-3401(2)(a). The court made no additional findings regarding any other previous actions which could be counted as "civil actions" according to § 25-3401(1)(a). Having found that the court's findings in case No. CI 16-184 were in error, we must also find that the court's findings in case No. CI 16-1373 were in error.

(c) Conclusion

In reversing the orders of the district court, we note that the district court is not precluded from denying Gray's requests to proceed in forma pauperis should it be determined that the legal positions asserted by the applicant are frivolous or malicious, or there are other reasons the applications should be denied pursuant to § 25-2301.02. See *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

- 720 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
GRAY v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 24 Neb. App. 713

## 2. Commencement of Action

[6] In both cases Nos. A-16-482 and A-16-590, Gray asserts the district court erred in finding he had "commenced" three or more civil actions after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court. Having found that the district court committed reversible error by determining that each of the three cases presented to the district court for consideration qualified as "strikes" pursuant to § 25-3401(2)(a), these appeals are resolved. Therefore, we elect to not consider Gray's assigned errors regarding when an action is deemed to have been "commenced" for purposes of § 25-3401. See *Gray v. Kenney*, 290 Neb. 888, 863 N.W.2d 127 (2015) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## VI. CONCLUSION

We find the district court erred in denying in forma pauperis status in cases Nos. CI 16-184 and CI 16-1373 based upon the provisions of § 25-3401. Therefore, we reverse, and remand for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.