Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/10/2017 08:10 AM CDT

Dukhan Mumin, appellant, v. Nebraska Department
of Correctional Services, appellee.

Dukhan Mumin, appellant, v.
State of Nebraska, appellee.

___ N.W.2d ___

Filed October 3, 2017.    Nos. A-16-618, A-16-619.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis under Neb. Rev. Stat. §§ 25-2301.02 and 25-3401 (Reissue 2016) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.
2. **Affidavits.** The procedure for in forma pauperis is generally governed by Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016).
3. **Affidavits: Prisoners.** In forma pauperis applications filed in prisoner litigation cases are subject to a more restrictive statute, Neb. Rev. Stat. § 25-3401 (Reissue 2016), which must be read in conjunction with Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016).
4. ____: ____. Pursuant to Neb. Rev. Stat. § 25-3401(2)(a) (Reissue 2016), a prisoner who has filed three or more civil actions, commenced after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court for a case originating in this state shall not be permitted to proceed in forma pauperis for any further civil actions without leave of court. A court shall permit the prisoner to proceed in forma pauperis if the court determines that the person is in danger of serious bodily injury.
5. **Affidavits: Prisoners: Appeal and Error: Words and Phrases.** Pursuant to Neb. Rev. Stat. § 25-3401(1)(a) (Reissue 2016), civil action means a legal action seeking monetary damages, injunctive relief, declaratory relief, or any appeal filed in any court in this state that relates to or involves a prisoner's conditions of confinement. Civil action does not include a motion for postconviction relief or petition for habeas corpus relief.

- 90 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

6. **Prisoners: Words and Phrases.** Pursuant to Neb. Rev. Stat. § 25-3401(1)(b) (Reissue 2016), conditions of confinement means any circumstance, situation, or event that involves a prisoner's custody, transportation, incarceration, or supervision.
7. **Trial: Attorneys at Law: Evidence.** Statements by an attorney are not treated as evidence.
8. **Judicial Notice: Records.** The law requires that papers requested to be judicially noticed be marked, identified, and made a part of the record; testimony must be transcribed, properly certified, marked, and made a part of the record.
9. **Rules of Evidence: Judicial Notice.** Neb. Evid. R. 201, Neb. Rev. Stat. § 27-201 (Reissue 2016), grants a judge or court the authority to take judicial notice of adjudicative facts, whether requested or not.
10. **Judicial Notice.** Care should be taken by the court to identify the fact it is noticing, and its justification for doing so.

Appeals from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Reversed and remanded for further proceedings.

Dukhan Mumin, pro se.

No appearance for appellees.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.
In case No. A-16-618 and case No. A-16-619, Dukhan Mumin, pro se, appeals the orders of the district court for Lancaster County denying his requests to proceed in forma pauperis (IFP) in the underlying civil actions. The court has consolidated these cases for disposition. For the reasons that follow, we reverse, and remand for further proceedings.

### BACKGROUND

On March 16, 2016, Mumin, pro se, filed an affidavit and application to proceed IFP in Lancaster County District Court case No. CI 16-911 (now case No. A-16-618). The underlying action in that case is a civil complaint filed by Mumin against

- 91 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

the Nebraska Department of Correctional Services pursuant to the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014), for allegedly adding 5 years to Mumin's discharge date in a criminal sentence.

On March 21, 2016, Mumin, pro se, filed an affidavit and application to proceed IFP in Lancaster County District Court case No. CI 16-977 (now case No. A-16-619). The underlying action in that case is a civil complaint filed by Mumin against the State of Nebraska pursuant to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25-21,149 et seq. (Reissue 2016), challenging the alleged denial of good time credit and Mumin's habitual criminal mandatory minimum sentence.

On March 25, 2016, the State, as "an interested party to this suit, and appearing by way of special appearance only," filed identical objections to IFP status in both cases. The State, represented by the Attorney General's office, alleged that Mumin was a prisoner who had three or more civil actions deemed frivolous by the courts of this state and was no longer allowed to proceed IFP pursuant to Neb. Rev. Stat. § 25-3401(2)(a) (Reissue 2016). Section 25-3401(2)(a) states:

> A prisoner who has filed three or more civil actions, commenced after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court for a case originating in this state shall not be permitted to proceed in forma pauperis for any further civil actions without leave of court. A court shall permit the prisoner to proceed in forma pauperis if the court determines that the person is in danger of serious bodily injury.

The State referred the court to

> three or more civil actions, commenced after July 19, 2012, that have been found frivolous by a court of this state. They are:
>
> **a.** *Mumin v. Flowers, et al.*, in the Lancaster County District Court, case number CI 14-4333;
>
> **b.** *Mumin v. Gage*, in the Johnson County District Court, case number CI 13-121;

- 92 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

c. *Mumin v. Gage*, in the Johnson County District Court, case number CI 14-59.

The State alleged that because Mumin had received "three 'strikes,'" the district court should deny Mumin's applications to proceed IFP and allow the cases to proceed only after Mumin has paid the necessary filing fees.

A hearing on the State's objections to IFP was held on April 21, 2016. Mumin, pro se, appeared telephonically. The State, represented by the Attorney General's office, argued that under § 25-3401, if an inmate has filed three or more civil actions that have been deemed frivolous, that inmate is subjected to "heightened scrutiny" by courts. According to the State, Mumin had five frivolous findings of courts by this state:

> Into the record I will just say that is Mumin v. Gage, from Johnson County District Court, at CI13-121; Mumin v. Gage, Johnson County again, at CI14-59; Mumin v. Flowers, at Lancaster County District Court, at CI14-4333; Mumin v. Frakes, in Johnson County, that's CI16-34; and Mumin v. Taylor, that's at Lancaster County District Court, CI16-76.

Mumin argued that "none of those cases that he just mentioned would even qualify under the statute" because "[t]here has been no summons issued on any of those cases. Those cases have not even . . . commenced under statute or even under the case law." He further argued, "the other habeas corpus actions, they don't qualify under the statutes or case law as well."

On June 6, 2016, the district court filed identical orders in both cases sustaining the State's objections to IFP. The court said that "[a]ll totaled, the State points to five cases filed by [Mumin] that have been found to be frivolous by a court of this state." After setting forth the five cases noted by the State at the April 21 hearing, the court found that "since July 2012, [Mumin] has brought three or more cases, while incarcerated, which were dismissed for being frivolous." The court sustained the State's objections and said that Mumin "shall

have thirty days from the date of this order to pay the filing fees in this matter, or the matter shall be dismissed without further notice."

Mumin now appeals. The State did not file briefs in response to Mumin's appeals.

## ASSIGNMENTS OF ERROR

Mumin assigns that the district court erred by (1) receiving statements by the State without a proper offer pursuant to the Nebraska Evidence Rules, (2) ruling that habeas petitions qualified as "strikes," and (3) ruling that the cases filed by Mumin in the lower court were "commenced."

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) and § 25-3401 is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. See *Gray v. Nebraska Dept. of Corr. Servs.*, 24 Neb. App. 713, 898 N.W.2d 380 (2017).

## ANALYSIS

*IFP Statutes.*

[2] The procedure for IFP is generally governed by Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016). Pursuant to those statutes, any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case IFP. § 25-2301.01. An application to proceed IFP shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case; the nature of the action, defense, or appeal; and the affiant's belief that he or she is entitled to redress. *Id*. Section 25-2301.02 states that an application to proceed IFP "shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees,

- 94 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

or security or (b) is asserting legal positions which are frivolous or malicious." The objection may be made by the court on its own motion or on the motion of any interested person. *Id*. The motion objecting to the application shall specifically set forth the grounds of the objection, and an evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion or on the grounds that the applicant is asserting legal positions which are frivolous or malicious. *Id*. If an objection is sustained, the party filing the application shall have 30 days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security. *Id*.

[3-6] While the above statutes govern IFP proceedings generally, IFP applications filed in prisoner litigation cases are subject to a more restrictive statute, § 25-3401, which must be read in conjunction with §§ 25-2301 to 25-2310. Section 25-3401(2)(a) states:

> A prisoner who has filed three or more civil actions, commenced after July 19, 2012, that have been found to be frivolous by a court of this state or a federal court for a case originating in this state shall not be permitted to proceed in forma pauperis for any further civil actions without leave of court. A court shall permit the prisoner to proceed in forma pauperis if the court determines that the person is in danger of serious bodily injury.

Section 25-3401(1)(a) states that, for purposes of this section, "[c]ivil action means a legal action seeking monetary damages, injunctive relief, declaratory relief, or any appeal filed in any court in this state that *relates to or involves a prisoner's conditions of confinement. Civil action does not include a* motion for postconviction relief or *petition for habeas corpus relief*." (Emphasis supplied.) And "[c]onditions of confinement means any circumstance, situation, or event that involves a prisoner's custody, transportation, incarceration, or supervision." § 25-3401(1)(b).

- 95 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

*Legal Application to Mumin.*

In its March 2016 objection to IFP status, the State, citing to § 25-3401(2)(a), alleged that Mumin has had three or more civil cases deemed frivolous by the courts of this state, and because he had received "three 'strikes,'" the court should deny IFP. Referenced in the State's objection were three previous district court cases initiated by Mumin, the orders of which were attached to the objection. Those cases were: Johnson County District Court case No. CI 13-121 (does not specify nature of underlying case, but states Mumin's motion to proceed IFP was denied because legal positions advanced by him were frivolous); Johnson County District Court case No. CI 14-59 (states that Mumin's petition for issuance of protection order was denied as frivolous and meritless); and Lancaster County District Court case No. CI 14-4333 (denied Mumin's application to proceed IFP because Mumin's "Amended Complaint on Official Bonds" was malicious and frivolous).

[7,8] At the hearing in April 2016, without presenting evidence or requesting that the district court take judicial notice, the State cited the above cases referenced in its March objection, as well as Johnson County District Court case No. CI 16-34 and Lancaster County District Court case No. CI 16-76, and argued that all five had "frivolous findings of courts by this state." But, statements by an attorney are not treated as evidence. See *In re Interest of Lawrence H.*, 16 Neb. App. 246, 743 N.W.2d 91 (2007) (attorney's assertions at trial are not to be treated as evidence). Additionally, even if the State had asked the court to take judicial notice of those cases, the law requires that papers requested to be judicially noticed be marked, identified, and made a part of the record; testimony must be transcribed, properly certified, marked, and made a part of the record. See *Everson v. O'Kane*, 11 Neb. App. 74, 643 N.W.2d 396 (2002).

[9,10] Even though the State did not ask the district court to take judicial notice of the five previous cases, Neb. Evid.

- 96 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

R. 201, Neb. Rev. Stat. § 27-201 (Reissue 2016), grants a judge or court the authority to take judicial notice of adjudicative facts, whether requested or not. Section 27-201 provides in part:

> (1) This rule governs only judicial notice of adjudicative facts.
>
> (2) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (3) A judge or court may take judicial notice, whether requested or not.
>
> . . . .
>
> (6) Judicial notice may be taken at any stage of the proceeding.

"[A]s a subject for judicial notice, existence of court records and certain judicial action reflected in a court's record are, in accordance with Neb. Evid. R. 201(2)(b), facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 835, 458 N.W.2d 443, 455 (1990). "Thus, a court may judicially notice existence of its records and the records of another court, but judicial notice of facts reflected in a court's records is subject to the doctrine of collateral estoppel or of res judicata." *Id*. at 836, 458 N.W.2d at 456. See, also, *State v. Dandridge*, 255 Neb. 364, 585 N.W.2d 433 (1998); *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991). Furthermore, care should be taken by the court to identify the fact it is noticing, and its justification for doing so. *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

In its order, after setting forth the five cases noted by the State at the April 2016 hearing, the court found that "since

July 2012, [Mumin] has brought three or more cases, while incarcerated, which were dismissed for being frivolous." The district court did not specifically state that it was taking judicial notice of the cases cited by the State. Even if it did take judicial notice of those cases, the district court's order does not address other factors necessary to determine whether § 25-3401(2)(a) should bar Mumin from IFP status. First, the district court simply stated that Mumin brought "three or more" cases which were dismissed for being frivolous; it did not specifically state which cases were dismissed for being frivolous, or whether all of them were dismissed as frivolous. Second, the district court addressed only the "frivolousness" of previous actions, but § 25-3401 requires additional considerations to determine whether those actions were "civil actions" as defined by that statute. Section 25-3401(1)(a) states that, for purposes of this section, a civil action means "a legal action seeking monetary damages, injunctive relief, declaratory relief, or any appeal filed in any court in this state that relates to or involves a prisoner's conditions of confinement. Civil action does not include a motion for postconviction relief or petition for habeas corpus relief." The district court did not make determinations as to whether any or all of Mumin's previous actions were "relate[d] to or involve[d] a prisoner's conditions of confinement" as further defined in § 25-3401(1)(b), were motions for postconviction relief, or were petitions for habeas corpus relief. Although Mumin does not raise the issue of "conditions of confinement" in his current appeals, this court may, at its option, notice plain error. See *Gray v. Nebraska Dept. of Corr. Servs.*, 24 Neb. App. 713, 898 N.W.2d 380 (2017).

We note that four of the five cases relied on by the State and the district court were appealed, and we can certainly take judicial notice of our own records. See *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016). Having taken such judicial notice, we have determined that two of the previous cases

- 98 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

involved petitions for habeas corpus relief and are therefore excluded from being civil actions for purposes of § 25-3401; those two cases are Johnson County District Court case No. CI 13-121, see *Mumin v. Gage*, 21 Neb. App. xlvi (No. A-13-1084, Mar. 17, 2014) (disposed of without opinion), and Johnson County District Court case No. CI 16-34, see *Mumin v. Frakes*, No. A-16-327, 2017 WL 672286 (Neb. App. Feb. 21, 2017) (selected for posting to court website). A civil action does not include a petition for habeas corpus relief. See § 25-3401(1)(a). See, also, *Gray, supra*.

The other two cases appealed were Lancaster County District Court case No. CI 14-4333 (appellate case No. A-15-248, unpublished memorandum opinion filed on January 5, 2016) and Lancaster County District Court case No. CI 16-76 (appellate case No. A-16-478, disposed of without opinion on August 9, 2016). In case No. A-16-478, Mumin and other inmates filed a complaint alleging violations of their civil rights while incarcerated. As to Mumin specifically, he alleged discriminatory, targeted, and retaliatory searches of his prison cell. The complaint, which appears to relate to or involve his conditions of confinement, was dismissed by the Lancaster County District Court as frivolous; the appeal was dismissed for failure to file a brief. In case No. A-15-248, Mumin filed an "Amended Complaint on Official Bonds" against multiple "public officer[s]," the county, and an insurer of the official bonds, alleging improprieties at his criminal trial. The Lancaster County District Court dismissed Mumin's application to proceed IFP in that case after finding the amended complaint was "malicious and frivolous," a decision that was affirmed by this court on appeal. From what we can glean from our appellate record, while there was a finding of frivolousness in case No. A-15-248, that action does not appear to relate to Mumin's "conditions of confinement" as required by the definition of civil actions for purposes of § 25-3401. See § 25-3401(1)(a) and (b). If it does not relate to

- 99 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

"conditions of confinement," then it cannot be a civil action for purposes of § 25-3401.

Finally, we note that Johnson County District Court case No. CI 14-59 was not appealed. Although the Johnson County District Court's order was attached to the State's March 2016 objection, that order merely shows that Mumin's petition for issuance of a protection order was denied as "frivolous and meritless." There is nothing in our record to show whether Mumin's petition for a protection order was related to or involved Mumin's conditions of confinement. Having previously found that two cases cited by the State and the district court involved petitions for habeas corpus relief and are excluded from being civil actions for purposes of § 25-3401, this protection order case could be critical to determining whether Mumin has filed "three or more civil actions." However, we are unable to fully review it.

This case highlights the importance of creating a complete record at the trial court level to enable appellate review. At the objection hearing in April 2016, the State simply referenced five previous actions filed by Mumin and argued that all five had "frivolous findings of courts by this state." But, the State did not present evidence or ask the court to take judicial notice of those cases, which would have required papers to be marked, identified, and made a part of the record. See *Everson v. O'Kane*, 11 Neb. App. 74, 643 N.W.2d 396 (2002). And in its order, the district court, assuming it did take judicial notice of the previous cases, did not specify exactly what was being judicially noticed. Neither the State nor the district court in this case focused on anything other than the frivolous nature of Mumin's previous actions, even though § 25-3401 requires additional considerations as we have noted in this opinion.

After our review of the case, we cannot determine whether Mumin has filed the requisite three or more civil actions for purposes of § 25-3401 which would prohibit him from

- 100 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
MUMIN v. NEBRASKA DEPT. OF CORR. SERVS.
Cite as 25 Neb. App. 89

proceeding IFP in further actions. We therefore reverse, and remand for further proceedings. As noted above, Johnson County District Court case No. CI 13-121 (appellate case No. A-13-1084) and Johnson County District Court case No. CI 16-34 (appellate case No. S-16-327) both involved petitions for habeas corpus relief and do not count as civil actions for purposes of § 25-3401. That leaves only three previous actions for consideration under § 25-3401. Accordingly, on remand, the district court will need to further address Johnson County District Court case No. CI 14-59; Lancaster County District Court case No. CI 14-4333 (appellate case No. A-15-248) (although it appears this case does not relate to Mumin's "conditions of confinement," we leave that determination for the district court to further explore on remand); and Lancaster County District Court case No. CI 16-76 (appellate case No. A-16-478). If, after reviewing these three cases the district court determines that they satisfy the requirements of § 25-3401, then the court should once again deny Mumin's applications to proceed IFP under this statute.

However, if the district court determines that one or more of those three cases does not qualify as a civil action for purposes of § 25-3401, or was not found to be frivolous, then IFP cannot be denied on the basis of § 25-3401(2)(a). That would not preclude the district court from denying Mumin's applications to proceed IFP should it be determined that the legal positions asserted by Mumin in the current actions are frivolous or malicious, or there are other reasons the applications should be denied pursuant to § 25-2301.02. See *Gray v. Nebraska Dept. of Corr. Servs.*, 24 Neb. App. 713, 898 N.W.2d 380 (2017).

For the sake of completeness, we note that in case No. A-16-618 and case No. A-16-619, Mumin also asserts that the district court erred in finding that the previous cases were "commenced." See § 25-3401(2)(a). Having already found the need to reverse, and remand for further proceedings, we elect

to not consider Mumin's assigned error regarding when an action is deemed to have been "commenced" for purposes of § 25-3401. See *Gray, supra* (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it). The issue of commencement may be addressed by the district court on remand if necessary.

## CONCLUSION

For the reasons stated above, we reverse, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.