Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/21/2018 09:09 AM CDT

Joshua Dortch, appellant, v.
City of Omaha and Douglas
County Sheriff, appellees.

___ N.W.2d ___

Filed August 21, 2018.    No. A-17-1068.

1. **Affidavits: Appeal and Error.** A district court's denial of an application to proceed in forma pauperis under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.

2. **Actions: Words and Phrases.** A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence.

3. **Jurisdiction: Search and Seizure: Property.** Neb. Rev. Stat. § 29-818 (Reissue 2016) makes clear that if the matter in which the property or funds is seized results in a charge, the court in which such complaint was filed has exclusive jurisdiction for disposition of the property or funds.

4. **Search and Seizure: Property.** While the government is permitted to seize evidence for use in investigation and trial, such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.

5. ____: ____. The proper procedure to obtain the return of seized property is to apply to the court for its return.

6. **Pleadings: Notice.** Under the liberalized rules of notice pleading, a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.

7. **Affidavits: Judgments.** When, pursuant to Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016), a trial court denies leave to proceed in forma pauperis on its own motion on the ground that the party seeking leave is asserting legal positions which are frivolous or malicious, its order shall include the court's reasons for such conclusion.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Reversed and remanded for further proceedings.

Joshua Dortch, pro se.

No appearance for appellees.

Pirtle, Riedmann, and Welch, Judges.

Welch, Judge.

## INTRODUCTION

Joshua Dortch appeals the district court's denial of his application to proceed in forma pauperis (IFP). The court denied Dortch's application based on its finding that the underlying replevin petition was a frivolous pleading. We find that the district court erred in denying Dortch's application to proceed IFP on the basis that it was frivolous without providing a written statement of its reasons, findings, and conclusions for that denial. Therefore, we reverse the decision of the district court and remand the cause for further proceedings.

## STATEMENT OF FACTS

Dortch, acting pro se, filed a petition for replevin naming the "City of Omaha" and the "[D]ouglas County Sheriff" as defendants. The entirety of Dortch's petition for replevin set forth: "Police illegally seized $5,512.00 from us on or about 8-18-17 and continue to hold same on pretext of some [n]ebulous investigation. We pray that [r]eplevin [b]e granted, and our [$]5,512.00 returned to us as is said." Dortch also filed an application to proceed IFP and an affidavit alleging that he had no assets. The district court denied his application, finding that Dortch's "[r]eplevin [p]etition is a frivolous pleading." Dortch, acting pro se, has timely filed his notice of appeal and poverty affidavit properly perfecting his appeal to this court. See *Campbell v. Hansen*, 298 Neb. 669, 673, 905 N.W.2d 519, 522 (2018) ("[i]n an interlocutory appeal from an order denying leave to proceed IFP, an appellate court obtains

jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper IFP application and affidavit").

## ASSIGNMENT OF ERROR

Dortch contends that the district court erred in denying his application to proceed IFP on the basis that his petition was frivolous.

## STANDARD OF REVIEW

[1] A district court's denial of an application to proceed IFP under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. See *Mumin v. Nebraska Dept. of Corr. Servs.*, 25 Neb. App. 89, 903 N.W.2d 483 (2017).

## ANALYSIS

[2] In his brief on appeal, Dortch contends, "Police [j]ust can[']t seize $5,512.00 from a United [States] citizen, as was done at Bar, [t]hen Trial Judge pooh-pooh us out of court willy [n]illy shilly shally." Brief for appellant at 4. As previously stated, the district court denied Dortch's application to proceed IFP on his action for replevin on the basis that the action was frivolous. "A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence." *State v. Carter*, 292 Neb. 16, 21, 870 N.W.2d 641, 645 (2015).

The procedure for IFP is generally governed by Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016). Pursuant to those statutes, any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case without prepayment of fees and costs or security. § 25-2301.01. An application to proceed IFP shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case; the nature of the action, defense, or appeal; and the affiant's

belief that he or she is entitled to redress. *Id.* Section 25-2301.02(1) sets forth that an application to proceed IFP "shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious." An objection may be made by the court on its own motion or on the motion of any interested person. *Id.* "An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious." *Id.* If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed IFP which shall become a part of the record of the proceeding. *Id*. See, also, *Mumin v. Nebraska Dept. of Corr. Servs., supra*.

The district court, on its own motion and without an evidentiary hearing, denied Dortch's application to proceed IFP on the basis that his petition was frivolous. The court did not provide any additional reasons, findings, or conclusions for that denial. Dortch's pleading requests return of cash seized by law enforcement based upon the theory of replevin. Although he refers to a "[n]ebulous investigation," he does not identify when the cash was seized, why the cash was seized, or if charges have been filed against him. Dortch does not cite to any statutory authority for his petition for return of his seized cash.

We note that Neb. Rev. Stat. § 29-818 (Reissue 2016) provides that a party may apply to the court by replevin or other writ for the return of property seized pursuant to a search warrant or validly seized without a warrant under certain conditions. Specifically, § 29-818 provides:

Except for animals as provided in section 28-1012.01, property seized under a search warrant or validly seized without a warrant shall be safely kept by the officer seizing the same, unless otherwise directed by the judge or

magistrate, and shall be so kept so long as necessary for the purpose of being produced as evidence in any trial. Property seized may not be taken from the officer having it in custody by replevin or other writ so long as it is or may be required as evidence in any trial, nor may it be so taken in any event where a complaint has been filed in connection with which the property was or may be used as evidence, and the court in which such complaint was filed shall have exclusive jurisdiction for disposition of the property or funds and to determine rights therein, including questions respecting the title, possession, control, and disposition thereof. This section shall not preempt, and shall not be construed to preempt, any ordinance of a city of the metropolitan or primary class.

[3-5] Section 29-818 makes clear that if the matter in which the property or funds is seized results in a charge, the court in which such complaint was filed has exclusive jurisdiction for disposition of the property or funds. See *State v. Agee*, 274 Neb. 445, 741 N.W.2d 161 (2007). That said, "While the government is permitted to seize evidence for use in investigation and trial, such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *Id*. at 450, 741 N.W.2d at 166. The proper procedure to obtain the return of seized property is to apply to the court for its return. *State v. Buttercase*, 296 Neb. 304, 893 N.W.2d 430 (2017). We also note that there are various forfeiture statutes which govern the custody and return of seized property. For instance, Neb. Rev. Stat. § 28-431 (Reissue 2016) provides the procedure for the return or forfeiture of seized property, including currency, when said property is seized in connection with an alleged drug or narcotics violation.

[6] Nebraska is a notice pleading state. "Under the liberalized rules of notice pleading, a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief." *Davio v. Nebraska Dept. of*

*Health & Human Servs.*, 280 Neb. 263, 268, 786 N.W.2d 655, 661-62 (2010). Here, Dortch pled that his cash was illegally seized by police. Dortch seeks return of the money.

[7] We cannot say that a civil replevin action is an improper remedy for the return of seized property under all circumstances. For instance, an action in replevin may be available in connection with property seized but never returned in connection with certain investigations which never result in a charge being filed. Further, we note that in *Peterson v. Houston*, 284 Neb. 861, 866, 824 N.W.2d 26, 32 (2012), which held "prospectively that when, pursuant to § 25-2301.02(1), a trial court denies leave to proceed [IFP] on its own motion on the ground that the party seeking leave is asserting legal positions which are frivolous or malicious, its order shall include the court's reasons for such conclusion." Because we cannot ascertain from the pleading or the district court's order why the district court deemed this matter frivolous, we reverse the decision of the district court and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.